UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| NATHANIEL THOMAS PETTIFORD, JR. | * | CIVIL ACTION NO. 12-2883 |
|---|---|---|
| VERSUS | * | JUDGE ROBERT G. JAMES |
| GRAPHIC PACKAGING INTERNATIONAL, INC. | * | MAG. JUDGE KAREN L. HAYES |

<u>MEMORANDUM RULING</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Remand [doc. # 6] filed by Plaintiff Nathaniel Thomas Pettiford ("Pettiford").[1] Defendant Graphic Packaging International, Inc. opposes the motion [doc. # 8]. For reasons stated below, the Motion to Remand [doc. # 6], together with the associated request for costs, expenses, and/or fees, are **DENIED**.

<u>Background</u>

Nathaniel Thomas Pettiford filed the above-captioned suit on April 19, 2012, against Graphic Packaging International, Inc. ("GPI") in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. Pettiford contends that his employer, GPI, is liable for injuries that he sustained at work on or about May 25, 2011, when "the flooring gave way causing [Pettiford] to fall." [doc. # 1-4, P. 2].

On November 13, 2012, GPI removed the case to federal court on the basis of diversity

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

jurisdiction, 28 U.S.C. § 1332. *See* [doc. # 1]. On December 12, 2012, Plaintiff filed the instant Motion to Remand [doc. # 6], contending that Defendant failed to timely remove the matter in accordance with 28 U.S.C. § 1446(b). Plaintiff also seeks an award of costs and expenses, including reasonable attorney's fees, which they incurred as a result of the improvident removal. GPI opposes the Motion [doc. # 8]. Briefing is now complete; the matter is before the court.

## Law and Analysis

**I.     Removal Principles**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. The removal statutes are strictly construed in favor of remand. *Id*.

In this case, Defendant invoked the Court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between Plaintiff and Defendant, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Plaintiff does not contest the Court's subject matter jurisdiction. Although the parties cannot confer federal subject matter jurisdiction via consent,[2] the record establishes that the parties are completely diverse and that the amount in controversy exceeds $75,000.[3] Thus, the sole issue is whether Defendant complied with the

---

[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104 (1982).

[3] Plaintiff is a Florida domiciliary. [doc. # 1, P. 4]. Defendant is a citizen of Delaware and Georgia. *Id*. Furthermore, medical records demonstrate that the amount in controversy exceeds the

procedural requirements for removal.

The removal process is fraught with procedural pitfalls for the unwary defendant including, but not limited to, the temporal filing limitations at issue here. Under the removal statutes, a defendant must file a notice of removal: 1) within 30 days after the defendant receives, through service or otherwise, a copy of the initial pleading or summons; or 2) if the case "stated by the initial pleading is not removable," within 30 days from defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . ." 28 U.S.C. § 1446(b) (commonly referred to as first and second paragraphs of § 1446(b)).[4]

Plaintiff does not contend that it was facially apparent from the original petition that the amount in controversy exceeded $75,000. *See e.g.*, [doc. # 6, P. 1]. Instead, Plaintiff argues that Defendant did not remove the case within 30 days after receipt of an "other paper" from which Defendant should have ascertained removability. *See* [doc. # 6-1, P. 2]. If substantiated, this error would constitute a procedural defect in the removal process, compelling remand. *See In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (failure to timely remove under § 1446(b) is a procedural defect in removal process).

II.     **"Other Paper" Removal**

In *Bosky v. Kroger Texas, LP*, the Fifth Circuit established a "bright line" rule for the 30-

---

jurisdictional threshold of $75,000. *See* [doc. # 8, P. 3].

[4] On December 7, 2011, Congress amended § 1446(b). *See* Pub.L 112-63. According to the law, the changes apply to any action or prosecution commenced on or after the law's effective date, which was 30 days after enactment. (Pub.L 112-63, Title I, § 105). For purposes of the law, a case that was removed to federal court is deemed to commence on the date that it was commenced in state court. *Id*. Thus, the amendment does not apply to this matter that was commenced in July 2011.

3

day removal period under the second paragraph of § 1446(b):

> the information supporting removal in a copy of an amended pleading, motion, order or other paper must be "unequivocally clear and certain" to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy. It should reduce "protective" removals by defendants faced with an equivocal record. It should also discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement of the facts. In short, a bright-line rule should create a fairer environment for plaintiffs and defendants.

*Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (footnote omitted). This begs the question, what must be included in an "other paper" to make it "unequivocally clear and certain" that the amount in controversy exceeds the jurisdictional threshold?

Despite some equivocation of its own, *Bosky* managed to provide some guidance. The court explained that its removal standard did not conflict with other cases such as *Gebbia v. Wal-Mart Stores, Inc.*,[5] *Luckett v. Delta Airlines, Inc.*,[6] and *Marcel v. Pool Co.*,[7] because those cases were not relevant to removals effected under the second paragraph of § 1446(b). *Bosky*, 288 F.3d at 212, n.20 (citations omitted). *Bosky* then cited other Fifth Circuit cases such as *S.W.S. Erectors, Inc. v. Infax, Inc.*, and *Wilson v. Belin*, which it deemed to be consistent with its "unequivocally clear and certain" standard. *Bosky, supra* (citing *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 491-92 (5th Cir. 1996); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir.1994)).[8]

---

[5] 233 F.3d 880, 882-883 (5th Cir. 2000).

[6] 171 F.3d 295, 298 (5th Cir. 1999).

[7] 5 F.3d 81, 82-85 (5th Cir.1993).

[8] *Bosky* also cited *Marcel v. Pool*. This citation to *Marcel* is curious however, because two footnotes earlier, *Bosky* cited *Marcel* as a case that was not relevant to removal under the second paragraph of § 1446(b).

In both *S.W.S. Erectors* and *Wilson*, the defendants' removal was premised upon written evidence obtained from plaintiffs that acknowledged *specific damage figures* that exceeded the federal jurisdictional minimum. *Id.*[9]

Although not discussed in *Bosky* itself, it is instructive that the "other paper[s]" that defendants relied upon to remove the case were documents that revealed actual medical expenses in excess of $75,000. *Bosky v. Kroger*, Appellee Brief, 2001 WL 34127780. Even more telling is that, more than 30 days before removal, the defendant obtained discovery from plaintiff stating that she would "not seek more than $500,000.00 for all of her damages and may seek less than this amount . . .," and a written statement that plaintiff's medical damages were around $50,000. *Id*. *Bosky* effectively held that the foregoing evidence was insufficient to commence the 30-day removal period. Rather, the 30-day removal clock was not triggered until defendant obtained written proof of actual damages that exceeded the jurisdictional minimum.[10]

### III. GPI Timely Removed this Matter.

Plaintiff emphasizes that Defendant's "lack of due diligence" solely caused the deadline to file the notice of removal to lapse. [doc. # 11, P. 1]. Specifically, Plaintiff points to a state of Georgia workers compensation proceeding, which "had been filed and the matter settled by the Plaintiff before present counsel had been hired for these proceedings." *Id.* Plaintiff argues that

---

[9] For a more detailed discussion of *Bosky*, and a discussion of the timeliness of removal under the first paragraph of § 1446(b), *see Gilbreath v. Averitt Express, Inc.*, Civil Action No. 09-1922, 2010 WL 1643786 (W.D. La. Mar. 10, 2010).

[10] One of the unintended side effects of *Bosky*, is that a defendant may be able to establish by a preponderance of the evidence that the amount in controversy exceeds the requisite jurisdictional minimum, even though the pleadings and "other papers" do not suffice to trigger the § 1446(b) removal windows.

5

Defendant was aware of this workers compensation claim, and furthermore, the settlement information was obtainable by Defendant.

In contrast, Defendant stresses that it was not until October 30, 2012, when "counsel for Defendant began receiving medical records from Plaintiff's healthcare providers, evidencing medical conditions that have led to general damage awards in excess of $75,000.00." [doc. # 8, P. 3]. Additionally, Defendant responds to Plaintiff's argument regarding the Georgia workers compensation proceeding by distinguishing Plaintiff's "right to recover in tort" in the above-captioned case and "the damages recoverable . . . in workers compensation." *Id.* at 4. Defendant points out that it is "[P]laintiff's burden to prove his damages . . . not the burden of . . . [D]efendant." *Id.*

Under *Bosky*, it is manifest that October 30, 2012, marks the earliest date that GPI was in possession of "unequivocally clear and certain" information from Plaintiff, comprised of specific damage estimates that exceeded the jurisdictional minimum, sufficient to trigger the 30-day removal clock under the second paragraph of § 1446(b).[11] Prior to that time, there is no indication that Plaintiff's discovery responses or correspondence contained specific damage estimates in excess of the jurisdictional minimum. Plaintiff's argument that Defendant had access to the necessary information to establish the amount in controversy as a result of settlement in the Georgia workers compensation proceeding is misplaced. Defendant is not subject to a due diligence requirement for determining removability. *See Bosky, supra* (citations omitted); *see also Powermatic, supra* (refusing to subject a defendant to a due diligence

---

[11] A post-complaint demand letter constitutes an "other paper" under § 1446(b). *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761-762 (5th Cir. 2000).

requirement because doing so "would require courts to expend needlessly their resources . . . to determine what the defendant knew at the time it received the initial pleading and what the defendant would have known had it exercised due diligence"). Moreover, Defendant's subjective knowledge cannot convert a case into a removable action. *Id*.

### Conclusion

For the above-assigned reasons, the undersigned finds that the 30-day removal clock under the second paragraph of § 1446(b) was first triggered on, or about October 30, 2012 and that Defendant timely removed the case to federal court within 30 days thereafter. 28 U.S.C. § 1446(b). Accordingly,

Plaintiff's Motion to Remand and associated request for an award of costs and expenses, including reasonable attorney's fees [doc. # 6], are hereby **DENIED**.

THUS DONE AND SIGNED in chambers, this 17th day of January 2013, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE