UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| NATHANIEL THOMAS PETTIFORD, JR. | : | CIVIL ACTION NO.: 3:12-CV-2883 |
| VERSUS | : | JUDGE: ROBERT G. JAMES |
| GRAPHIC PACKAGING INTERNATIONAL, INC. | : | MAGISTRATE: KAREN L. HAYES |

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

### INTRODUCTION

Plaintiff alleges he was injured while working for B&D at GPI on May 25, 2011. GPI is plaintiff's statutory employer. The work plaintiff was performing at the time of the accident was done pursuant to a contract between GPI and B&D executed on May 19, 2011. GPI's contract with B&D contained a written provision recognizing GPI as the statutory employer of B&D's employees. Additionally, B&D's work was an essential part of and was integral to the ability of GPI to produce its goods and products. Therefore the legal requirements for GPI to become a statutory employer of B&D's employees and statutory employees are satisfied. As a result, GPI is immune from tort liability pursuant to the provisions of the Louisiana Workers Compensation Act.

### LAW AND ANALYSIS

I.  **SUMMARY JUDGMENT STANDARD**

Summary Judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law". *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). The facts upon which this Motion is based are undisputed and are supported by the Affidavits of various GPI and B&D personnel. This motion requires a purely legal analysis and warrants the dismissal of the claims of Nathaniel Pettiford.

## II. STATUTORY EMPLOYMENT

Statutory employment is based upon the provisions of La. R.S. 23:1032 and 23:1061 and creates workers' compensation liability and tort immunity for a principal who is not the injured worker's direct employer. La. R.S. 23:1032 provides in pertinent part:

> A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
>
> (b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
>
> (2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
>
> B. Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.

La. R.S. 23:1061 provides as follows:

> A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
>
> (2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
>
> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, **unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer.** When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

> B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor. (emphasis added).

In *LWCC v. Genie Industries*, 801 So.2d 1161 (La. App. 4th Cir. 2001) the court, describing the interaction between La. R.S. 23:1032 and 23:1061 to form statutory employment under the two-contract theory, stated:

> The foregoing provisions manifest an intent by the legislature that a principal is immune from tort but liable in worker's compensation, anytime the principal contracts to do any work, irrespective of whether it is a part of the principal's trade, business or occupation, and then contracts with another party for the performance of the work. *Vickers v. Cajun Concrete Services, Inc.*, 93-1537 (La. App. 4 Cir. 3/15/94, 634 So.2d 68. This immunity is to be extended to all principals; **however far removed from the direct employer of the injured worker**, who contracted to perform the work in which the injured party is engaged at the time of injury. See *Crochet v. Westminster City Center Properties*, 572 So.2d 720, 723 (La. App. 4 Cir. 1990)." 801 So.2d at 1165 (emphasis added).

In his treatise on Louisiana Workers' Compensation Second Edition, Denis Paul Juge made the following comments regarding the effect of the 1997 amendment to La. R.S. 23:1061:

> The amendment to Section 1061 is a major overhaul of the statutory employer law. The new law makes a clear statement that a statutory employer relationship shall exist whenever the principal is in the middle of two contracts. That is the principal has a contract with one party to perform a certain work and then enters into a contract with another to do all or part of that work. This is the "two-contract" defense, and it is available to that principal to protect the principal from tort suits by any employee engaged in the work that is the subject of the contract. A party with the two-contract defense does not need to have their status as a statutory employer recognized in the contracts.
>
> However, a principal who is not in the middle of two contracts who has entered into a contract with a contractor to do a particular work cannot be considered a statutory employer of any of the employees working under that contract **UNLESS the contract**

> **with the contractor specifically recognizes the principal as the statutory employer of the contractor's employees (or statutory employees).** When there is such an acknowledgement, there is created a rebuttable presumption of a statutory employer relationship. The presumption can be rebutted by showing that the work is not "an integral part of, or essential to, the ability of the principal to generate its goods, products, or services."
>
> Thus, the amendment to Section 1061 overturns the *Kirkland* decision by establishing an unquestionable statutory relationship in the two-contract situation and permitting a rebuttable presumption of a statutory relationship for principals who are not contractors if they have this status recognized in their contract with the contractor. The work will be considered part of the principal's trade, business, and occupation if it is an integral part of, or essential to, the ability of the principal to generate its goods, products, or services. There should be no question that this is a complete reversal of the *Berry* and *Kirkland* decisions as this is stated in the act.
>
> Denis Paul Juge, Louisiana Workers' Compensation, Second Edition, §7:7, at 7-33 (2009)

As is stated in the Affidavits of Mike Shields and Chad Johnson (attached as Exhibits 1 and 2), GPI is a paper manufacturer and in order to manufacture its products GPI uses specialized equipment, which requires gear work and other repair and maintenance by B&D. Mr. Pettiford was performing essential work on this equipment when he was involved in the subject accident. GPI contracted with B&D for B&D to perform certain maintenance on the GPI equipment. Specifically, a contract was negotiated between GPI and B&D for the price of $26,060.00 for B&D to perform gear work and make certain repairs and maintenance as outlined in the purchase order. This was the work Mr. Pettiford was performing when the subject accident occurred. The undisputed facts clearly show that the subject work was an integral part of and was essential for GPI to generate its goods and products.

GPI employs its own general mechanics and millworks to perform maintenance and repairs at the paper mill. However, there are times when the maintenance and repairs involved

exceed the labor capabilities of GPI employees and contracting with outside labor is necessitated. Such was the case on May 25, 2011, when Mr. Pettiford and his coworkers from B&D were working at the GPI mill.  (See attached affidavit of Ryan Canales, attached as Exhibit "5"). B&D was retained to perform necessary work to return the paper machine to working condition while GPI personnel were occupied with the same tasks.

The affidavits also establish the second element to prove statutory employment under the one contract cases, i.e., a written contract recognizing the statutory employment relationship between GPI and B&D's employees. Attached to the affidavits (Exhibit "4") is the purchase order contract (Purchase Order No. 4503442676) between GPI and B&D for the subject work with the attached general terms and conditions.  The purchase order specifically states, "Instructions to Seller: the clauses printed on the attachment hereof and any supplemental conditions attached hereto are essential terms of this order."

Furthermore, Paragraph 13 of the contract states as follows:

> SECTION 13: STATUTORY EMPLOYMENT:  If services are to be performed at Buyer's facilities in the state of Louisiana, it is agreed that pursuant to the provisions of Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the parties hereto that the relationship of the Buyer (owner) to the direct employees and the statutory employees of the Seller (contractor) be that of a statutory employer.

There is no dispute that B&D received the purchase order along with the General Terms and Conditions.  Additionally, as evidenced by the attached affidavit of Whitey L. Price, B&D did accept the purchase order and performed the job under the general terms and conditions and all of the provisions contained therein.  (See Exhibit "3").[1]

---

[1] This is further evidenced by the facts that B&D presented a certificate of insurance to GPI (See Exhibit "6") and presented its employees, including Mr. Pettiford, to work pursuant to the purchase order on May 25, 2011.

There is no dispute that the work was being performed at GPI's facility under this purchase order since Mr. Pettiford was injured at GPI's facility, as alleged in the petition. Furthermore, there is no dispute that Mr. Pettiford was employed by and in the course and scope of employment with B&D at the time of his injury. Therefore, it is clear that the statutory employment relationship between GPI and B&D's employees has been established within the meaning of La. R.S. 23:1061(A)(3).

This Honorable Court along with the United States Fifth Circuit Court of Appeals has upheld the enforcement of the very same provision in favor of statutory immunity to GPI. (See attached cases, *Gilbreath v. Averitt Express, Inc.,* 2011 WL 121892 (W.D. La. 1/13/2011) and *Nielsen v. Graphic Packaging International, Inc.,* 469 F.Appx. 305 (C.A.5 La. 3/22/2012)). In both cases, the courts acknowledge the specific language of Section 13 of the General Terms and Conditions, found that GPI was a principal because it contracted with another part to execute its work, and found that the work performed was integral to GPI's business. The facts are exactly the same in this matter, and a finding of statutory employment and tort immunity under La. R.S. 23:1061 is proper. Therefore, the motion for summary judgment should be granted.

## CONCLUSION

GPI and B&D entered into a written contract by which it was agreed that the employees of B&D would be deemed the statutory employees of GPI. Furthermore, the work performed by B&D was an integral part of or is essential to the ability of GPI to generate its goods and products. Thus, GPI is only liable to plaintiff in workers compensation and is immune from tort liability. Therefore, summary judgment is appropriate and the above-captioned matter should be dismissed as a matter of law with prejudice at plaintiff's costs.

*Respectfully submitted,*

MAYER, SMITH & ROBERTS, L.L.P.
Attorneys for Graphic Packaging International, Inc.

By:  s/J.Kris Jackson
J. Kris Jackson, Bar No. 29266
Marcus E. Edwards, Bar No. 33113
1550 Creswell Avenue
Shreveport, LA  71101
Telephone:     (318) 222-2135
Facsimile:      (318) 222-6420
kris@msrlaw.com
marcus@msrlaw.com

## **CERTIFICATE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system and has been sent to all known counsel of record by operation of the court's electronic filing system, e-mail, facsimile, or by placing same in the United States Mail properly addressed and with adequate postage prepaid thereon.

Shreveport, Caddo Parish, Louisiana, this 30th day of January, 2013.

s/J. Kris Jackson
OF COUNSEL