UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **NATHANIEL THOMAS PETTIFORD, JR.** | **CIVIL ACTION NO. 12-2883** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **GRAPHIC PACKAGING INTERNATIONAL, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

This case arises out of an alleged injury to Plaintiff Nathaniel Thomas Pettiford Jr., ("Pettiford") while he was working at Graphic Packaging International, Inc.'s ("GPI") facility in West Monroe, Louisiana. Pending before the Court is a Motion for Summary Judgment [Doc. No. 13] filed by Defendant GPI. For the following reasons, GPI's Motion for Summary Judgment is GRANTED.

**I.  FACTS**

On May 19, 2011, GPI, a paper manufacturer, and Bearings and Drives Industrial, Inc. ("B&D") entered into a written contract ("Purchase Order") [Doc. No. 13-7]. Pettiford was employed by B&D in its service division.

The Purchase Order [Doc. No. 13-7, pp. 9] provided that "[t]he clauses printed on the attachment hereof and any supplemental conditions attached hereto are essential terms of this order." Further, in pertinent part, the Purchase Order's General Terms and Conditions ("Terms") state:

> Acknowledgement, shipment or performance of any part of this Purchase Order will constitute acceptance by [B&D] of all Terms

and Conditions hereof, including all documents incorporated herein by reference, without reservation, and shall constitute the entire agreement between the parties superseding all prior agreements relating to the subject matter hereof.

…

SECTION 9: INSURANCE:

A. MINIMUM GENERAL REQUIREMENTS. Unless agreed otherwise in writing by Buyer, at a minimum, Seller and all of its subcontractors, vendors and/or consultants shall produce and maintain the following insurance:

(i) Worker's Compensation- statutory limits and Employer's Liability- $500,000 per occurrence.

…

SECTION 13: STATUTORY EMPLOYMENT: If services are to be performed at Buyer's facilities in the state of Louisiana, it is agreed that pursuant the provisions of the Louisiana Revised Statutes 23:1061(A)(3), that it is the intent and agreement of the partied hereto that the relationship of the [GPI] to the direct employees and the statutory employees of the [B&D] be that of a statutory employer.

…

SECTION 15: GOVERNING LAW: Seller and Buyer agree that the terms and provisions hereof shall be carried out and interpreted according to the laws of the State of Georgia."

[Doc. No. 13-7, pp. 10].

On May 25, 2011, Pettiford was allegedly injured while changing idler gear parts on a paper machine at GPI's facility.

B&D had previously purchased workers' compensation insurance for $1,000,000. [Doc. No. 13-9]. At the time of Pettiford's accident, the insurance policy was in effect.

On April 19, 2012, Pettiford filed suit against GPI in the Fourth Judicial District Court, Ouachita Parish, Louisiana.

On November 13, 2012, GPI removed the case to this Court based on diversity jurisdiction.

On January 29, 2013, GPI filed a Motion for Summary Judgment [Doc. No. 13]. Pettiford filed an opposition memorandum [Doc. No. 28], and GPI filed a reply memorandum [Doc. No. 29].

## II.   LAW AND ANALYSIS

### A.  Standard of Review for Summary Judgment

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).  The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute about a material

fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

### B. Tort Immunity

In this case, GPI asserts, pursuant to its contract with B&D and Louisiana Revised Statute § 23:1061(A)(3), that it is immune from Pettiford's tort claim because it was Pettiford's statutory employer.

"Except for intentional acts, workers' compensation is the exclusive remedy for work-related injuries and illnesses." Dugan v. Waste Mgmt., Inc., 45-407-CA (La. App. 2 Cir. 6/23/10); 41 So.3d 1263, 1266 (citing LA. REV. STAT. § 23:1032). The exclusive remedy provision of the workers' compensation statute precludes an employee from filing a lawsuit for damages against "his employer[] or any principal." LA. REV. STAT. § 23:1032(A). A "principal" is "any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof." Id. "[W]ork shall be considered part of the principal's trade, business, or occupation if it is an integral part of or

4

essential to the ability of the principal to generate that individual principal's goods, products, or services." Id. "In some instances, an employer may be deemed the statutory employer of a worker that it does not directly employ" and is therefore immune from tort liability pursuant to Louisiana Revised Statute § 23:1061(A). Dugan, 41 So.3d at 1266.

A statutory employment relationship does not exist "unless there is a written contract between the principal and a contractor. . . which recognizes the principal as a statutory employer." LA. REV. STAT. § 23:1061(A)(3). The statutory employee must be hired to perform services that are part of the principle's business, and his injury must occur during the course and scope of his employment, as defined by the agreement. See LA. REV. STAT. §§ 23:1061(A)(1) & (A)(2). If a "contract recognizes a statutory employer, [then] a rebuttable presumption of a statutory employer relationship between the principle and the contractor's employees" shall exist. LA. REV. STAT. § 23:1061(A)(3). "This presumption may be overcome only by showing that the work is not an *integral part of or essential to the ability of the principal* to generate that individual principal's goods, products, or service." Id. (emphasis added). Simply put, a statutory employer/employee relationship exists when a principle hires a contractor, in conformance with §23:1061, to perform services that are a part of the principle's business and a written contract exists between the principle and contractor that recognizes the principle as a statutory employer.

This Court has previously acknowledged that Section 13 of GPI's Terms recognizes GPI as a statutory employer of its contractors' direct employees. See Nielsen v. Graphic Packaging Int'l, Inc., Civil Action No. 09-1757, 2011 WL 2462496 (W.D. La. June 17, 2011) aff'd, 469 F. App'x 305 (5th Cir. 2012) (finding that identical language in a GPI Purchase Order was sufficient to recognize a statutory employment relationship) and Gilbreath v. Averitt Express, Inc., Civil Action No. 09-1922, 2011 WL 121892 (W.D. La. Jan. 13, 2011) (same).

In its Motion for Summary Judgment, GPI puts forth that it is immune from Pettiford's tort claim because it was Pettiford's statutory employer. GPI makes three indispensable assertions: (1) "the work [Pettiford] was performing at the time of the accident was done pursuant to a contract between GPI and B&D"; (2) the Purchase Order recognized GPI as the statutory employer of B&D's employees who performed at GPI's facility; and, (3) "B&D's work was an essential part of and was integral to the ability of GPI to produce its goods and products." [Doc. No. 13-3, pp. 1].

Pettiford opposes GPI's Motion for Summary Judgment, contending that there are at least four genuine issues of material facts for trial: (1) the contract was nonbinding because it was unsigned; (2) the contract is contradictory and, therefore, invalid; (3) the maintenance work Pettiford was hired to perform was not an integral part of or essential to the ability of GPI to generate its goods and products; and (4) GPI did not intend to be a statutory employer because it did not provide workers' compensation coverage. The Court will address each of these arguments in turn.

**1. The Unsigned Purchase Order**

Although it is undisputed that the Purchase Order between GPI and B&D was unsigned, the Court finds that the parties were bound by its terms.

Pursuant to Louisiana Civil Code Annotated article 1927, "[a] contract is formed by the consent of the parties established through offer and acceptance." "[O]ffer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." Id. Moreover, "[w]hen an offeror invites an offeree to accept by performance and, according to usage or the nature or the terms of the contract, it is contemplated

that the performance will be completed if commenced, a contract is formed when the offeree begins the requested performance." Id.; see also Trahan v. Scott Equip. Co., L.L.C., 493 Fed. App'x 571, 574 (5th Cir. 2012) (finding a valid contract where "[a buyer] issued a service request to [the seller]; the seller complied and completed the requested service in exchange for [money], which [buyer] paid," although both parties did not sign the instrument).

Under these principles, the undisputed facts in the record clearly establish the existence of a contract. GPI entered into an agreement with B&D for the performance of repairs and maintenance on machinery at GPI's factory. This agreement was negotiated and then memorialized in a Purchase Order containing certain Terms, which provides for "acceptance by performance of any part." [Doc. No. 13-7, pp. 10]. B&D began the requested performance before Pettiford's alleged accident; thus, B&D accepted GPI's offer and terms through performance. The Purchase Order, including its Terms, are binding.

### 2. Sections 13 and 15 of the Terms and Conditions

The Court has next considered and rejected Pettiford's argument that Sections 13 and 15 of the Purchase Order's Terms are contradictory.

Section 15 requires that the contract be interpreted under Georgia law if there is a dispute as to its terms, while Section 13 relies on Louisiana law to establish a statutory employment relationship. There is no such dispute here. The Terms merely recognize that B&D's direct employees are to be statutory employees with Louisiana substantive workers' compensation law, the state where they are employed. A party may create a contract that is governed by the laws of one state and utilize the substantive law of another. Thus, the contract is not contradictory and is valid.

7

### 3. Relationship of B&D's Services to GPI's Ability to Produce Paper

The Court also finds that Pettiford has failed to show that B&D's employees performed work that was "not an integral part of or essential to the ability of [GPI] to generate [its] goods, products, and services." LA. REV. STAT. § 23:1061(A)(3).

GPI produced deposition testimony from Ryan Canales stating that "[B&D] was hired to perform a gear change operation" because "[GPI's] internal predictive maintenance group [did] vibration rounds, and they obviously picked up a bad bearing." [Doc. No. 29-1, pp. 2-3]. Pettiford argues in response that the work was neither an integral part of nor essential to GPI because: (1) "B&D brought employees [from] out of state to perform the work"; (2) "[B&D] was hired specifically for a specialized job, rather than using [GPI's] employees" who were capable of performing the job; and (3) Pettiford was merely repairing the machine and "was not manufacturing a paper product or otherwise contributing to the actual product." These arguments are without merit. The origin of B&D's employees and the ability of GPI to perform the work internally are immaterial. As testified by Mr. Canales, paper machine repairs are required for the operation of the machines, and the machines are essential to a paper mill's ability to produce paper.

### 4. GPI's Failure to Provide Workers' Compensation Coverage for B&D's Employees

Finally, the Court rejects Pettiford's argument that GPI cannot be his statutory employer when it failed to directly pay his workers' compensation insurance.

A statutory employer's tort immunity is not dependent on whether it directly pays workers' compensation coverage. 13 H. ALSTON JOHNSON, III, LA. CIV. L. TREATISE, Workers' Compensation § 128 (5th ed. 2012). The purpose of Louisiana Revised Statutes §§ 23:1061 and

8

23:1063 is to prevent the circumvention of compensation. <u>Miller v. Billy Ogden Logging</u>, 95-1579 (La. App. 1 Cir. 4/4/96), 672 So. 2d 316, 318. Section 23:1061 specifically permits principles to seek indemnity from contractors.[1] This provision affords statutory employers immunity from tort liability by requiring contractors to provide workers' compensation insurance, while guaranteeing workers a method of recovery from the statutory employer if the contractor does not provide insurance.[2] Thus, a statutory employer need not directly provide workers' compensation insurance to be immune from tort liability.

Pettiford incorrectly interprets GPI's failure to provide workers' compensation coverage directly as evidence of GPI having no intention to be a statutory employer. Consistent with the applicable statutory provisions, GPI actively ensured that Pettiford was insured, requiring in its Purchase Order that B&D "procure and maintain" workers' compensation insurance. [Doc. No. 13-7, pp. 9]. B&D complied with this requirement and had a workers' compensation policy [Doc. No. 13-9] to cover its employees, including Pettiford.

The Court finds that GPI was a principal because it contracted with B&D to execute its work. Further, under § 23:1061(A)(3), GPI had a statutory employer relationship with B&D's employees because GPI (principal) entered into a written contract with B&D (contractor) that

---

[1] "When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor." LA. REV. STAT. § 23:1061(B).

[2]
> As between the principal and the contractor, it is fair that the latter, as the direct or "payroll" employer, should bear the ultimate risk of accident. For this reason, the principal who is made liable under these sections is entitled to indemnity and he can file a third-party demand against the contractor and demand judgment over against him. The net effect is that the principal merely lends his solvency to the worker's [sic] claim, and he can effectively protect himself in advance either by satisfying himself that the contractor is solvent or by insisting that the latter insure against work accidents.

13 H. ALSTON JOHNSON, III, LA. CIV. L. TREATISE, Workers' Compensation § 121 (5th ed. 2012).

recognized GPI as a statutory employer of B&D's employees. Because Pettiford was an employee of B&D, GPI enjoys a rebuttable presumption that it was Pettiford's statutory employer, unless the work performed was not integral to GPI's business. § 23: 1061(A)(3). The work performed was integral to GPI's business. Accordingly, GPI was Pettiford's statutory employer and is immune from tort liability to Pettiford under §23:1061.

### III.  CONCLUSION

Based on the foregoing, GPI's Motion for Summary Judgment [Doc. No. 13] is GRANTED, and Pettiford's claims against GPI are DISSMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 20th day of September, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE